UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIK BENASIDE RAY-EL,

       Petitioner,                         Case Number 18-13037

v.                                             Honorable David M. Lawson

GREGORY L. SKIPPER,

       Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE

On September 24, 2018, the petitioner, Malik Benaside Ray-El, presently confined at the Michigan Reformatory in Ionia, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On January 8, 2020, he filed a motion to stay and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The Court now finds that the request for a stay is lawful and should be granted.

I.

The petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possessing a firearm while committing a felony, Mich. Comp. Laws § 750.227b(1), following a jury trial in the Wayne County, Michigan circuit court. Mr. Ray-El was sentenced to 23 to 50 years imprisonment for his assault conviction and a consecutive two-year term for his felony-firearm conviction.

The petitioner appealed his conviction, raising four claims that the trial court erred by (1) admitting irrelevant and prejudicial bad acts evidence; (2) denying the petitioner's motion for a directed verdict because the evidence was insufficient to support the conviction for assault with intent to murder; (3) denying petitioner's motion *in limine* to preclude irrelevant and otherwise

unfairly prejudicial photographic evidence; and (4) denying petitioner's motion to suppress all evidence flowing from the warrantless use of GPS tracking technology. The petitioner also filed a *pro se* brief under Standard 4 of the Michigan Supreme Court Administrative Order No. 2004-6, alleging that (1) trial counsel was constitutionally ineffective by failing to conduct a reasonable investigation into the relevant facts, failing to interview critical witnesses, and failing to offer a credible defense; (2) the government engaged in prosecutorial misconduct by coercing, harassing, intimidating, and pressuring the victim to offer inaccurate and misleading evidence implicating an innocent party; (3) the government repeatedly erred so as to have a cumulative effect on the jury verdict such that the petitioner's rights to due process and equal protection of the law were denied; and (4) the trial judge failed to instruct the jury properly on all the elements of assault with intent to murder.

Those arguments were rejected when the convictions and sentences were affirmed by the Michigan Court of Appeals on August 11, 2016. *People v. Ray-El*, No. 326808, 2016 WL 4251091 (Mich. Ct. App. Aug. 11, 2016). The Michigan Supreme Court denied the petitioner's application for leave to appeal on June 27, 2017. *People v. Ray-El*, 500 Mich. 1020, 896 N.W.2d 431 (2017).

The petitioner now asks the Court to stay the proceedings and hold the petition in abeyance so that he can return to state court to exhaust additional claims that there was an error with the DNA analysis, that trial and appellate counsel were ineffective, and to provide new exculpatory evidence from witness testimony.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838,

844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not

"plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he

may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise the unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on June 27, 2017. That decision became final on September 25, 2017, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced on the following day, September 26, 2017. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The Court received and docketed the petition on September 27, 2018. However, the petitioner dated and mailed the petition on September 24, 2017. Thus, Mr. Ray-El filed his petition just two days before the limitations period ran out and filed his motion to stay after the limitations period expired. *Keeling v. Warden*, 673 F.3d 452, 456 (6th Cir. 2012) (holding that a *pro se* prisoner's appeal is deemed filed at the time the prisoner delivered it to prison officials for filing). If the Court were to dismiss the petition without prejudice, then any subsequently filed petition would be untimely by the time the state court proceedings on the new claims were concluded and the petitioner returned to this Court to pursue them.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. All of the claims raised in the original petition have been exhausted, but the new claims that the petitioner describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and he may argue that he did not previously raise these claims in the state courts due to the ineffective assistance of trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 28 days after the entry of this order, and he must ask this Court to lift the stay within 28 days after exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 11) is **GRANTED**. The proceedings on the petition for a writ of habeas corpus are **STAYED** until further order of the Court.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **on or before February 14, 2020**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within twenty-eight (28) days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: January 21, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 21, 2020.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---