UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIK BENASIDE RAY-EL,

                    Petitioner,                          Case Number 18-13037
v.                                                       Honorable David M. Lawson

GREGORY L. SKIPPER,

                    Respondent.

_____/

**ORDER DIRECTING PETITIONER TO STATE WHETHER
HE INTENDS TO FILE AN AMENDED HABEAS CORPUS PETITION
AND CLERK TO CORRECT THE CAPTION AND DOCKET**

On September 27, 2018, petitioner Malik Benaside Ray-El filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On January 8, 2020, the petitioner filed a motion to stay the federal proceedings and hold his petition in abeyance so that he could return to state court to exhaust additional claims. The Court granted the petitioner's motion for a stay and ordered him to file an amended petition within 28 days of the conclusion of the state court proceedings. It appears that the state proceedings have concluded, at least through the Michigan Court of Appeals stage. It further appears that the petitioner is no longer incarcerated at the Michigan Reformatory in Ionia, Michigan, but has been moved to the Muskegon Correctional Facility. The Court therefore will order the petitioner to inform the Court whether he intends to file an amended petition, as instructed in the stay order. The Court also will order the Clerk of Court to correct the caption and docket to reflect the petitioner's current warden and address.

I.

The petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possessing a firearm while committing a felony, Mich. Comp. Laws § 750.227b(1), following a jury trial in the Wayne County, Michigan circuit court.  He was sentenced to 23 to 50 years in prison for his assault conviction and to a consecutive two-year term for his felony-firearm conviction.

The petitioner appealed his conviction, arguing that the trial court erred by: (1) admitting irrelevant and prejudicial bad acts evidence; (2) denying the petitioner's motion for a directed verdict on the assault charge; (3) denying the petitioner's motion *in limine* to preclude the admission of irrelevant and unfairly prejudicial photographic evidence; and (4) denying the petitioner's motion to suppress all evidence flowing from the warrantless use of GPS tracking technology.  App. Brief, ECF No. 9-19, PageID.1182-84.

The petitioner also filed a *pro se* brief under Standard 4 of the Michigan Supreme Court Administrative Order No. 2004-6 in which he alleged that: (1) trial counsel was constitutionally ineffective by failing to conduct a reasonable investigation into the relevant facts, failing to interview critical witnesses or other persons with valuable information, and failing to offer a substantial defense; (2) the government engaged in prosecutorial misconduct by coercing, harassing, intimidating, and pressuring the victim to offer inaccurate and misleading evidence which implicated an innocent party; (3) the government repeatedly erred so as to have a cumulative effect on the jury's verdict such that the petitioner's rights to due process and equal protection of the law were denied; and (4) the trial judge failed to instruct the jury properly on all the elements of assault with intent to murder.  *Pro Se Brief*, ECF No. 9-19, PageID.1230-31, 1247.

On August 11, 2016, the Michigan Court of Appeals rejected the petitioner's arguments and affirmed his convictions and sentences. *People v. Ray-El*, No. 326808, 2016 WL 4251091 (Mich. Ct. App. Aug. 11, 2016). The Michigan Supreme Court denied the petitioner's application for leave to appeal on June 27, 2017. *People v. Ray-El*, 500 Mich. 1020, 896 N.W.2d 431 (2017).

In September 2018, the petitioner filed his habeas corpus petition in this Court. He alleged as grounds for relief that: (1) the trial court denied him a fair trial and due process by erroneously admitting "bad acts" evidence; (2) the trial court erred by denying his motion for a directed verdict on the assault charge; (3) the trial court erred in denying his motion *in limine* to preclude prejudicial photographic evidence; (4) the trial court erred in denying his motion to suppress all evidence flowing from the use of GPS tracking technology; (5) trial counsel was ineffective and deprived him of a substantial defense by failing to conduct a reasonable investigation, contact and interview critical eyewitnesses or persons with valuable information, and offer a credible defense; (6) police officers pressured the victim to offer inaccurate and misleading evidence that implicated an innocent party, and he was subjected to malicious prosecution; and (7) he was deprived of his constitutional rights by a multiplicity of errors that had a cumulative effect on the jury's verdict.

On April 4, 2019, the respondent filed an answer in opposition to the habeas petition. He argued that the petitioner's claims were procedurally defaulted, meritless, not cognizable on federal habeas review, or reasonably decided by the state appellate court. On January 8, 2020, the petitioner filed a motion to stay the proceedings and to hold his petition in abeyance so that he could return to state court and raise additional claims regarding the DNA analysis, his trial and appellate attorneys, and newly discovered evidence.

The Court granted the petitioner's motion for a stay on January 21, 2020 and stayed the proceedings until further order of the Court. The Court ordered the petitioner to pursue any post-

conviction or additional appellate proceedings related to his unexhausted claims by properly submitting appropriate filings to the state court on or before February 14, 2020.  The Court further ordered the petitioner to file an amended petition in this Court within 28 days of the conclusion of the state court proceedings.

II.

It appears that the petitioner filed a motion for relief from judgment in the state trial court on March 13, 2020, and that the trial court denied the motion on September 29, 2020.  *See* https://cmspublic.3rdcc.org (case number 14-003750-01-FC).  The petitioner subsequently filed a delayed application for leave to appeal in the Michigan Court of Appeals.  On September 28, 2021, the court of appeals dismissed the petitioner's delayed application for lack of jurisdiction because the petitioner failed to file his application within the deadline established by the Michigan Court Rules.  *People v. Ray-El*, No. 357665 (Mich. Ct. App. Sept. 28, 2021) (unpublished decision available at https://www.courts.michigan.gov/case-search).  It thus appears that the state proceedings have concluded, at least through the court of appeals stage, and the petitioner has not pursued further relief in the state supreme court.  However, the petitioner has not taken further action in this Court as previously instructed.

Accordingly, it is **ORDERED** that the petitioner shall inform the Court in writing whether he intends to file an amended habeas corpus petition, as instructed in the stay order (ECF No. 12). Failure to comply with this order **on or before March 28, 2022** will result in the dismissal of the petitioner's habeas petition for want of prosecution and for failure to comply with this Court's order.

-4-

It is further **ORDERED** that the Clerk of Court shall correct the docket so that it lists the petitioner's address as Muskegon Correctional Facility, 2400 S. Sheridan Drive, Muskegon, Michigan 48442.

It is further **ORDERED** that the Clerk of Court shall amend the caption of this case to reflect the petitioner's warden at the Muskegon Correctional Facility. The new caption shall read:

*Malik Benaside Ray-El v. James Schiebner.*

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 28, 2022